# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR00-0025-LRR |
| vs. | |
| RONALD TITLBACH, | ORDER |
| Defendant. | |

The matter before the court is United States Chief Magistrate Judge John A. Jarvey's Report and Recommendation (Docket No. 384). Judge Jarvey filed his Report and Recommendation on October 18, 2006. Such Report and Recommendation addressed the defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 313) and Motion for Evidentiary Hearing (Docket No. 371). On December 1, 2006, the defendant filed Objections to the Report and Recommendation (Docket No. 387).

## *I. BACKGROUND*

On November 8, 2004, the defendant filed a Motion to Vacate under 28 U.S.C. § 2255. On January 25, 2005, the court, among other things, ordered the government to respond to the defendant's Motion to Vacate under 28 U.S.C. § 2255. On April 18, 2005, the government filed a Resistance to the defendant's Motion to Vacate under 28 U.S.C. § 2255. On April 25, 2005, the court referred the defendant's Motion to Vacate under 28 U.S.C. § 2255 to Chief Magistrate Judge Jarvey for the purpose of preparing a Report and Recommendation. On July 8, 2005, the defendant filed a Reply. On August 1, 2005, the defendant filed a Motion for Evidentiary Hearing. On October 18, 2006, Chief Magistrate Judge Jarvey filed his Report and Recommendation. On December 1, 2006, the defendant filed Objections to Chief Magistrate Judge Jarvey's Report and Recommendation.

## II. ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 6000 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

A review of the defendant's Objections to Chief Magistrate Judge Jarvey's Report and Recommendation and the defendant's Motion to Vacate under 28 U.S.C. § 2255 leads the court to conclude that the defendant's Objections essentially do no more than restate the arguments that he raised in his Motion to Vacate under 28 U.S.C. § 2255. His objections are not specific. *See* Fed. R. Civ. P. 72 (requiring the court to review de novo any portions of the report and recommendation to which a *specific* written objection has

been made). Even if the defendant's Objections could be construed as specific, the court finds that the defendant's arguments are wholly without merit. The court agrees with Chief Magistrate Judge Jarvey's conclusion that an evidentiary hearing is not necessary. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255). After thoroughly reviewing the extensive record, the court also agrees with Chief Magistrate Judge Jarveys's conclusion that the denial of the defendant's Motion to Vacate under 28 U.S.C. § 2255 results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). In light of the foregoing and based upon its review of Chief Magistrate Judge Jarvey's Report and Recommendation, the court concludes that there is no ground to reject or modify his findings and conclusions. Therefore, the court adopts Chief Magistrate Judge Jarvey's October 18, 2006 Report and Recommendation.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029,

3

1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the defendant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his Motion to Vacate under 28 U.S.C. § 2255, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1) The defendant's Objections to the Report and Recommendation (Docket No. 387) are OVERRULED.

(2) The court ADOPTS Chief Magistrate Judge Jarvey's Report and Recommendation (Docket No. 384).

(3) The defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 313) is DENIED.

(4) The defendant's Motion for Evidentiary Hearing (Docket No. 371) is DENIED.

(5) A certificate of appealability is DENIED.

**SO ORDERED.**

**DATED** this 4th day of December, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA